ILLINOIS CENTRAL RAILROAD CO. *v.* W. J. MILLER.

1. SURFACE-WATER. *Collection of. Overflow. Damages.*
   One is liable in damages who collects in artificial channels surface-water, falling upon his own land or that of others, and discharges it in undue and unnatural quantities upon the land of another.

2. RAILROADS. *Diverting water-course or surface-water. Overflow.*
   Where the road-bed of a railroad diverts water, either in streams having channels and banks or mere surface-water, and causes it in undue quantities to overflow the land of another, the company is liable in damages therefor.

3. DAMAGES. *Measure of. Injury to land. Crops.*
   In an action for overflowing plaintiff's land, where the evidence shows damage, not to crops directly, but that the land is rendered incapable of producing full crops, plaintiff cannot recover the value of the land, and, in addition, damages on account of the failure to make such crops.

FROM the circuit court of the second district of Panola county.

HON. JAMES T. FANT, Judge.

The opinion states the facts.

The appellee recovered judgment against the appellant in the court below for the sum of $450 and costs. Motion for new trial overruled; defendant appeals.

*W. P. & J. B. Harris*, for appellant.

1. As a general rule one unlawfully diverting or obstructing a natural water-course is liable in damages to the person injured thereby.

2. The owner of land may lawfully improve and occupy it in

such a manner as either to prevent water which accumulates elsewhere from coming on it, or altering the course of surface-water which flows upon it or comes upon it from elsewhere, even though the water is thereby made to flow upon the adjoining lands of another to his damage.   This is the common law rule, and it applies to railroads diverting surface-water.   Lawson's Rights, Rem. & Prac. vol. 6, § 2942 ; 83 Mo. 276 ; 73 Ind. 298 ; 52 Wis. 526 ; 10 Allen, 106 ; 86 N. Y. 140 ; 51 Me. 525 ; *Alcorn* v. *Saddler,* 66 Miss. 221.

3. A water-course is a living stream, with defined banks, not necessarily running all the time, but fed from other and more permanent sources than mere surface-water.   107 N. Y. 650.

A water-course does not include mere surface-water supplied by rains or snow falling on the hills or in the ravines.   25 Wis. 526 ; 27 Ib. 656 ; 107 N. Y. 650 ; 64 Mich. 37 ; Angell on Water-Courses, p. 7.   See specially 18 Mo. App. 251.

4. Although one may open a ditch on his land through which surface-water is allowed to escape, the ditch is not a water-course and he may close it at will.   52 Wis. 526.

5. In no event would the defendant be liable for overflow caused by unusual freshets, if the water-escapes provided are sufficient to carry all water in ordinary rains.   53 Tex. 46 ; 2 Am. & Eng. R. R. Cas. 166 ; 3 Ib. 197.

In the light of these rules, the verdict in this case is contrary to the law and the evidence.

The proof is incontestible that the water complained of as turned on plaintiff's land is surface-water.   The creek only overflows when there are heavy rains.   There is no evidence that the creek itself was obstructed.   The water that was obstructed was mere surface-water which the railroad had the right to turn off.   There was no stopping of any water-course.

The verdict is excessive.   Plaintiff recovered damages for the value of the land, and for the value of the crops he expected to grow on the same.

*Stone & Lowry,* for appellee.

The water had collected in branches and water-courses before reaching the railroad, and had lost its character as surface-water, so

that the defendant had no right to divert it. *Alcorn* v. *Sadler*, 66 Miss. 221 ; Gould on Waters, 271.

The evidence shows that the railroad company, after the original construction of its road-bed, filled up a trestle, thereby turning water on appellee's land, which otherwise would not have flowed there. This water originally ran in natural channels.

But, if this is not true, still defendant had no right to collect the surface-water and divert it upon the lands of plaintiff. The damage to appellee was caused by this water spreading over the land and injuring the same and preventing the growth of crops.

We submit that the verdict is not excessive, but is fully warranted by the evidence. The law was favorably charged for defendant. *Ferris* v. *Welborn*, 64 Miss. 29 ; *Railroad Co.* v. *Archibald*, 67 Ib. 38.

COOPER, J., delivered the opinion of the court.

The condition of the record in this cause is such that on the main question involved, we find ourselves unable to form any definite opinion upon the evidence on which the case was tried in the court below. By his declaration the plaintiff complains that the defendant in constructing or repairing its road-bed closed up the channels of certain natural water-courses, by reason of which the water flowing therein was caused to overflow his adjacent lands, to the great injury of the land and destruction of crops.

A map of the road-bed and adjacent lands, which was used in the trial of the cause in the court below, is made part of the record, but nothing appears on it by which we are enabled to apply much of the evidence of the witnesses. The witnesses testifying before the jury and pointing out the localities to which they referred on the map were, we doubt not, enabled to give to the jury a clear understanding of the matters in issue ; but we fail to learn anything from the testimony such as that given by the plaintiff, a part of which is as follows : "Here is my land in here ; this part along here is a high place ; the water did not damage that ; but this in here, and this, and this is very fine bottom land. . . . . On account of the railroad being here, it stops this water coming down

these little ravines here and turns it down the railroad, and when it gets here it goes through a cut here, where there is a lot of gravel," etc. etc.   It is evident that we cannot know what the witness meant or said, unless aided by some indicia on the map locating the places spoken of.   We gather from the record the general fact that the road-bed of the defendant crosses several little swales, or ravines, or small water-courses in which, in periods of heavy rains, a considerable quantity of surface-water is gathered.   The road-bed prevents this water from flowing westward as it naturally would do, and a ditch cut by the company along the eastern line of its road gathers all this water and conducts it some half mile to the land of the plaintiff, and, his land being lower than the bed of the ditch, is in times of excessive rainfall overflowed by the water running over the banks of the ditch.

The contention of the plaintiff was that the defendant's road-bed intersected and obstructed natural water-courses and diverted water therefrom, and caused the same to overflow his land.   On the other hand, the defendant contended that its road did not intersect any water-course, but that the water turned upon the land of the plaintiff was mere surface-water, which, obstructed by the road-bed, turned aside and, following the natural declivity to the north, flowed upon the adjoining land of the plaintiff.

We are satisfied that whether the flow of water, intersected and diverted by the road-bed, was that of streams running in well-defined channels and having banks, or was mere surface-water, coming from the adjacent hills and flowing in sheets across the swales between the hills and the adjacent creek, the defendant is in either event responsible for the injury inflicted upon the plaintiff by the turning of the water upon his lands.

If it be conceded that this was surface-water, it has been so collected and discharged in injurious volumes upon the lands of plaintiff as to entitle him to compensation for the injury resulting to his property therefrom.

The rules of the civil and of the common law in relation to surface-water are directly contrary to each other.   Under the first, the lower of two adjacent estates owes a servitude to the other to

receive the natural drainage, and the other estate cannot withhold from the lower the supply of water flowing naturally. Under the rule of the common law, the owner of the upper estate may withhold, and the owner of the lower estate may repel, mere surface or superficially percolating water upon or from his estate.

In the states of Pennsylvania, Illinois, North Carolina, California and Louisiana, and probably Ohio and Missouri, the rule of the civil law is adopted, while in England, Massachusetts, Maine, Vermont, New York, New Hampshire, Rhode Island, New Jersey and Wisconsin the rule of the common law prevails, at least as to rural estates. Gould on Waters, §§ 265 and 266, and authorities in notes.

But neither under the rule of the civil nor of the common law is one permitted to collect surface-water, falling upon his own land or that of another, in artificial channels, and to discharge it in undue and unnatural quantities upon the land of another. Gould on Waters, § 271 ; *Barkley* v. *Wilcox,* 86 N. Y. 148.

The defendant has, for the protection of its road-bed, dug a ditch along its eastern line, into which is collected surface-water, falling upon adjacent lands for a half mile along the ditch, and which but for the ditch would have flowed upon lands of other persons, and has discharged the water thus accumulated upon the lands of the plaintiff, which were free from the flow of the water in its natural course. Upon all the authorities this is an unlawful act, and for it the plaintiff is entitled to recover.

But the damages awarded by the jury are manifestly excessive. The evidence shows that the extent of the injury is confined to twelve acres of land of the value of $25 per acre. If the land had been totally destroyed not more than $300 could have been recovered for the *injury to the land.* The declaration claims certain other damages for injury to crops upon the land, but the evidence discloses that this damage resulted, not to the crops directly, but that by reason of excessive water put upon the land, it was rendered incapable of producing full crops, as it had done before. The plaintiff has, therefore, been awarded double damages for the injury. He has recovered damages for injury to the land, and damages

because the land as injured failed to produce full crops. For this the judgment must be reversed. If the appellee desires so to do, he will be permitted to remit all save $250, for which judgment may then be rendered here.