ILLINOIS CENTRAL RAILROAD CO. *v.* E. C. WILBOURN.

1. RAILROADS. *Waters. Obstructions. Overflow. Former recovery.*

An action against a railway company for such damage as has resulted to the upper of two adjoining tracts of plaintiff's land from overflow, caused by an insufficient culvert and the erection of an embankment, is not barred by reason of his assignor's previous recovery of damages for the total destruction in value of the lower tract from the same cause.

2. SAME. *Peremptory instruction.*

It is the province of the jury to determine whether, or not, the injurious effects of the manner in which the natural flow of water has been obstructed by a railway company, are consistent with a due regard by such company for the rights of adjacent proprietors in the construction of its road.

3. SAME. *Erroneous instruction.*

It is error, in an action for damages to plaintiff's lands resulting from an overflow, caused by an insufficient culvert and an embankment constructed by the defendant railroad company, to instruct the jury that the "plaintiff had the right to have the water, whether rain water or spring water, flow as they naturally would have flowed without any obstruction by the railroad," for an interference with the natural flow of water incident to a proper construction and use of its roadbed, imposes no liability upon the defendant.

FROM the circuit court of Yalobusha county.

HON. EUGENE JOHNSON, Judge.

The opinion states the case.

*R. H. Golladay*, for the appellant.

1. This suit and that in which the appellee's assignor recovered damages in 1891, relate to adjoining forty-acre tracts of land, and both are for the same cause of action, viz., the closure, in 1880, of a culvert and the construction of an embankment, interrupting a natural water course, thereby causing overflows and deposits of sand. Damages resulting from the same cause cannot be apportioned or "split." 15 Am. & Eng. Enc. L., 348, 349; *State* v. *Morrison*, 60 Miss., 81, 82; 2 Black on Judgments, sec. 734 *et seq.* In torts the same rule applies. 2 Black on Judgments, sec. 738; *Beronio* v. *Southern Pacific Railroad Co.* (Cal.), 21 Am. St. Rep., 57; *Pierro* v. *St. Paul, etc., Railroad Co.* (Minn.), 40 N. W. Rep., 520; *Knowlton* v. *New York, etc., Railroad Co.* (Mass.), 18 N. E. Rep., 580; *Wichita* v. *Beebe* (Kan.), 18 Pac. Rep., 502; *Swanz* v. *Muller*, 27 Ill. App., 320; *Sullivan* v. *Baxter*, 150 Mass., 261; *Bowe* v. *Minnesota Milk Co.*, 44 Minn., 460.

2. Where the injury is of a permanent nature, and, from its nature, must continue to produce loss independent of any subsequent wrongful act, all damages may be estimated in a single suit. 3 Suth. on Dam. (ed. 1884), 403; *Fowle* v. *New Haven, etc.*, 107 Mass., 352; 112 Mass., 334; *Town of Troy* v. *Cheshire Railroad Co.*, 23 N. H. (3 Foster), 102 *et seq.;* *Powers* v. *Council Bluffs*, 45 Iowa, 652; *Epright* v. *Kauffman*, 33 Mo. App., 455; *Hodge* v. *Shaw* (8 Iowa), 39 Am. St. Rep., 290, note p. 295; *North Vernon* v. *Voegler*, 103 Ind., 314; *Ind., Bloom., etc., Ry. Co.* v. *Koons*, 105 Ind., 507.

3. A recovery in this suit was barred by that in the previous action. 2 Black on Judgments, title Former Recovery, 4. Plaintiff's remedy was also barred by limitation. 53 Am. Rep., 135; Angell on Lim., sec. 300 *et seq.*

*Mayes & Harris*, on the same side.

1. The injury complained of was from surface water, and is not shown to have been caused by any wrongful or negligent act of defendant in the construction of its roadbed. The instruction given for plaintiff is, in this view, contrary to the doctrine expressed in the recent case of *Davis* v. *Railroad Co.*, 73 Miss., 678.

2. The peremptory instruction for defendant should have been given. The recovery in the former suit for damages to the lower forty acres was based upon the total destruction of that parcel in value, and no real injury to the upper forty acres is shown.

*W. V. Sullivan*, for the appellee.

1. A continuing injury may be sued for each day, each month, or each year, and one recovery cannot and will not bar another. We must presume, in this case, that the jury limited the recovery to that land not embraced in the former suit, the record showing nothing to the contrary.

2. The instruction granted to plaintiff was correct. If the water flowing from the hillside, and gathered into ditches or streams, was really rain water, that fact in nowise affects the plaintiff's right to have these courses carry off the flowing water without obstruction.

3. The court below did not err in refusing the peremptory instruction asked by defendant, for some injury manifestly resulted from defendant's acts to that part of the land not embraced in the former suit. The instructions given for defendant stated the law in a manner very favorable to its contention. There can be no doubt of plaintiff's right to a recovery. 51 Miss., 77, and 234; 67 *Ib.*, 38; 68 *Ib.*, 760; 71 *Ib.*, 547; 72 *Ib.*, 881.

Argued orally by *J. B. Harris*, for the appellant, and by *W. V. Sullivan*, for the appellee.

CALHOON, Sp. J., delivered the opinion of the court.

Wilbourn, by an appropriate declaration, complains of damage to certain lands by the improper construction of an embankment by the railroad company, and from the fact that the company left too small a culvert over a running stream to allow the efflux of the stream and the surface waters finding egress through it. The result of this, he charges, was to hem in the waters and destroy the value of his land by the deposit of silt and sand. The land damaged is composed of two tracts, which, for convenience, may be called the "upper tract" and the "lower tract." The company pleaded the general issue, with the notice under it of an antecedent action for damages to the lower tract several years ago, which action proceeded on the allegation, confirmed by the proof, that the value of the lower tract was totally destroyed because of the negligent construction aforesaid. The company also gave notice of the three-years statute of limitation. The only witness produced was Wilbourn himself, and there was an agreement of counsel. By these it appears that the present action is for injuries from the same original cause as in a previous action, viz., an insufficient culvert over a stream, and the erection of an embankment, and that this action is for further damages to the lower tract, produced since the previous recovery, and for damages to the upper tract, which upper tract was not embraced in the previous suit, and the claim here is for damages within three years before the institution of this action, and that in the former action the recovery of damages was duly paid, and that in the former action the declaration and evidence showed that the lower tract was made wholly valueless by the obstruction.

Mr. Wilbourn is not clear in his statements as a witness, but the following is the tendency of his testimony: That the deposit of silt and sand by lapse of time had extended further up, so as to affect the upper tract, and he supposed that this resulted because the company did not have the proper "thing" to convey the water, and that the surface water could not get out

from the hillside, and that it came to rest in the lower places, and remained there until it gradually siped off, for want of sufficient outlet through the embankment made by the company, so that he cannot make a crop on either tract; and he estimates the damage to the upper tract at $50 per annum by reason of the banking up of sand and trash from the hillsides and the formation of sand bars. As to the lower tract, on which the previous recovery was had, he adheres to the statement that it was totally ruined, but, as the damages had been paid on the previous action, he says the only damage since consists in increasing the difficulties of reclamation. He says that no water course runs through the upper tract, but that that tract is only damaged by the banking of the water, and the resultant deposit of sand bars and spreading out of the sand over the ground. In this state of case the court gave the following charge for Wilbourn: "Plaintiff had the right to have the waters, whether rain water or spring water, flow as they naturally would have flowed without any obstruction by the railroad company; and, if the jury believe from the evidence that the railroad company so built its roadbed or bridges or trestle as to dam up the water, and bank the same upon the land, and cause sand and silt to be deposited thereon, and they injured the same, then the plaintiff is entitled to recover of defendant such net sum as represented the injury thus sustained; and the jury will so find." For the railroad company the court charged the jury to allow for no damage sustained before the former suit, and, if no fresh damage, since the first suit, had been sustained, they could find only for nominal damages; and the court charged further for the company that the jury could not allow any damages for the lower tract, and only such damages to the upper tract as were proved to have been sustained by the closing of the culvert since 1891. The court refused the company's peremptory instruction to find for defendant. There was a verdict for plaintiff, a motion for a new trial because of the refusal of the peremptory instruction, and because the court

erred in granting the instruction asked for by Wilbourn, and because the verdict was contrary to the law and evidence. This motion was overruled, and the railroad company appealed.

The lower tract of land is out of consideration in this case, because the court below expressly charged the jury not to allow any damages as to that tract. We cannot agree to the contention of counsel that, because damages to the lower tract had been sued for and recovered as for the full value of it, this action must therefore necessarily fail in its claim for damages done the upper tract. These damages may have accrued by the deposit of silt and sand affecting the higher lands subsequently to the former suit. Though proceeding from the same cause, there was no prescience to foresee them.

The principle invoked of the entirety of the cause of action as announced in *State* v. *Morrison*, 60 Miss., 74, has no application to the state of facts in this case. There the state had sued to recover for breaches of the condition of a sheriff's bond, and was met with a plea of former recovery on the same bond, and her replication that the former recovery was for other breaches was held bad, because she might have and should have assigned all the breaches in the first action. In the case at bar the continuance of the original cause of evil may have affected the upper tract, which may have received no apparent damage when the first suit was brought, and it was not to be supposed that the cause would be permitted to remain until its effects should reach the upper tract.

The peremptory instruction asked by appellant was properly refused. It was the province of the jury to say whether the effects on the land testified to consisted with a proper regard for the rights of adjacent proprietors in the construction of its works by the railroad company. Such an obstruction of the natural flow of vagrant water from the high land as to produce sand bars and deposit sand and silt, so as to destroy the arable qualities of the land, certainly tended to show improper construction, in view of the principle that one should so use his own

as not to injure the property of others. In the light of the case of *Railroad Co.* v. *Davis*, 73 Miss., 678, it was error to grant the instruction asked by the plaintiff. It is not the law under that case (to which we adhere) that the railroad company is liable for damages for any obstruction of vagrant waters or of streams in the construction of their works, unless the same resulted from improper construction, and this charge to the jury should have embraced this idea. There is no conflict in the principles announced in the case of *Railroad Co.* v. *Davis* and those announced in *Sinai* v. *Railway Co.*, 71 Miss., 547; *Railway Co.* v. *Lackey*, 72 Miss., 881, and *Railroad Co.* v. *Miller*, 68 Miss., 760.

        *The case is reversed and remanded for another trial.*